```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                       AT COLUMBIA
```

JAMES TATE,                      )
                                 )
        Plaintiff                )
                                 )        No. 1:17-0002
v.                               )        Judge Crenshaw/Brown
                                 )        **Jury Demand**
DR. JONES, *et al.*,             )
                                 )
        Defendants               )

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's motion for a preliminary injunction (Docket Entry 14) be denied.

### BACKGROUND

The Plaintiff filed his complaint (Docket Entry 1), which alleged the dentist at the Whiteville Correctional Facility (WCF) on or about April 15, 2016, pulled two of his upper teeth and that after the teeth were removed a knot the size of a golf ball came up under his right jaw, swelled, and turned red from infection. He contended that the swelling and infection caused him severe ear and jaw pain which interfered with his eating and sleeping. He alleged that the Warden and Corrections Corporation of America (CCA) failed to provide him adequate medical care and treatment. He also alleged that he had seen Dr. Brewster on approximately three occasions and had been sent to a medical department outside of his prison, but received no treatment.

The Plaintiff saw two dentists because he was transferred from WCF to the prison facility at Clifton, Tennessee, where he now is incarcerated.

On initial review (Docket Entry 4) the Court found that for the purposes of the Prison Litigation Reform Act (PLRA) his claims against Drs. Jones and Brewster survived initial review under 28 U.S.C. § 1915(a).

The Plaintiff's complaint against the Warden at South Central Correctional Facility (SCCF) and CCA were dismissed under the same initial review.

In response to the Plaintiff's motion for preliminary injunction the Defendants filed a response (Docket Entry 37). Their response attached a declaration of Jammie Garner, RN, who is the health food administrator at SCCF. She stated that she had reviewed Plaintiff's medical/dental file, which was kept in the regular course of business and treatment of Plaintiff.

He was transferred to SCCF on May 13, 2016, from WCF and had been seen by medical and dental professionals more than 20 times. He briefly summarized the treatment that the Plaintiff had received during this time. He stated that the records did not indicate any finding that the Plaintiff suffered a broken jaw. The medical/dental records were attached to the response as Docket Entry 37-2.

A hearing was held in the matter on March 28, 2017. At the hearing Plaintiff was asked to explain why he believed he was

entitled to a preliminary injunction. He stated that he had difficulty reading and writing, but that he had received copies of his medical records. He stated that he had been seen by outside doctors, but they had not done anything for him either and that he still had a swollen jaw, which was painful.

Dr. Brewster was called by the Defendants. He testified that he had been a dentist for 25 years and had spent the last 10 years in prison dental work and previously had spent time as the Tennessee Department of Corrections Dental Director doing peer reviews among other duties. He was familiar with the Plaintiff's dental records. He said that when the Plaintiff first appeared at WCF he received a dental examination and two upper teeth were immediately pulled. He said the records reflected that the teeth were very loose and the extraction was routine.

Plaintiff did return following the extractions complaining of swelling in his lower jaw and was given antibiotics. Dr. Brewster stated that he had reviewed the treatment received at WCF he believed the treatment was entirely appropriate. He said the Plaintiff did show a history of upper jaw problems and an x-ray showed that he had a metal plate in the upper jaw. He did not see any evidence of a broken jaw as the Plaintiff had alleged in some of his pleadings. Dr. Brewster did not see, as a medical matter, how the problems that developed with his lower jaw could have been caused by the routine extraction of two upper teeth.

3

Dr. Brewster stated that he personally examined the Plaintiff when he came to SCCF and the Plaintiff exhibit a swelling on his lower jaw. Because of the possibility of infection the Plaintiff was sent to an outside clinic and that he followed up by again examining the Plaintiff. The outside doctor believed that the Plaintiff did have a dental abscess. A CT scan did not show any fracture and the Plaintiff was prescribed antibiotics for the chronic infection.

Dr. Brewster said that while Plaintiff was at SCCF he had 12 appointments and he kept nine of them. He was sent to an outside specialist in June and he followed up with the Plaintiff's examination in July. He found that the abscess was smaller, but at the end of July it was still present. Plaintiff was having difficulty with a molar in his lower jaw (tooth 31) and this was subsequently extracted in September. He stated that this was a simple extraction and he continued the Plaintiff on antibiotics and pain medication.

At the end of September the Plaintiff again asked to see him about a sore tooth and at this point the difficulty was with tooth 28. The Plaintiff was x-rayed and given pain medication. He was again seen by Dr. Brewster in October 2016 and stated that the swelling in his jaw came and went. He was referred to an outside clinic again. The report from the outside clinic stated that he had a dental infection, which should heal and he was continued on pain medications and antibiotics. He noted that the Plaintiff did

complain that the outside doctor did not do anything for him. However, Dr. Brewster thought that the recommendations by the outside physicians were proper.

## LEGAL DISCUSSION

The Magistrate Judge believes that the Defendants have correctly stated the law concerning injunctive relief in their response (Docket Entry 37). In deciding whether to issue a preliminary injunction the District Court should consider four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of preliminary injunction. *Leary v. Daefchner*, 228 F.3d 729, 736 (6th Cir. 2000).

The burden of demonstrating entitlement to a preliminary injunction is on the Plaintiff and it is a heavy burden. The proof required for a Plaintiff to obtain a preliminary injunction is much more stringent than proof required to survive a summary judgment motion. *Mize v. Sator*, 2012 U.S. Dist. LEXIS 25175, *6-7 (M.D. Tenn. Feb. 27, 2012).

Turning to the four factors, the Plaintiff has not demonstrated a strong likelihood of success on the merits. The medical/dental records show that the Plaintiff was consistently seen by both hospital doctors and dentists and outside doctors and

5

dentists on a fairly regular basis. The records simply do not show evidence of a deliberate indifference to the Plaintiff's serious medical needs.

The outside physicians who had examined the Plaintiff have made recommendations and those recommendations have been followed by the prison's medical staff. The mere fact that the Plaintiff believes that something else must be done does not establish that something is required or needed. Unfortunately, the Plaintiff has dental issues and had already had three teeth extracted while at the prison. He apparently does have an infection in his lower jaw, which is being treated and which apparently at times is better and at times it is worse. He has undergone both x-rays and CT scans.

Given a review of the medical records and Dr. Brewster's testimony the Plaintiff does not show irreparable harm.

The public interest factor weighs slightly against the Plaintiff's motion. Judges are ill-equipped to deal with problems of prison administration and reform. Such administration is a task that is best left to prison officials unless the evidence is quite clear that they are failing to carry out their duties. *Rhinehart v. Scutt*, 509 Fed. App'x 510, 513 (6th Cir. 2013).

Finally, having the Court become deeply involved in medical issues could cause harm to the Defendants. Both prison and outside dentists and doctors have concurred in the treatment of the Plaintiff and requiring additional tests and/or treatment that has

6

not been recommended would cause disruption to the system and added expense where the evidence does not show deliberate indifference or neglect of the Plaintiff's dental issues.

While the Court can certainly sympathize with the Plaintiff's difficulties with pain and swelling in his jaw, not every illness has a silver bullet for a cure. At this juncture of the case the Plaintiff has simply not met the standards for the issuance of a preliminary injunction.

## RECOMMENDATION

As stated above, the Magistrate Judge recommends that the motion for preliminary injunction (Docket Entry 14) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 29th day of March, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

7