```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                            AT COLUMBIA

JAMES TATE,                    )
                               )
        Plaintiff              )
                               )       No. 1:17-0002
v.                             )       Judge Crenshaw/Brown
                               )       **Jury Demand**
DR. JONES, *et al.*,           )
                               )
        Defendants             )
```

**TO:  THE HONORABLE WAVERLY D. CRENSHAW, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the amended complaint as to the Defendant Kelly be dismissed with prejudice under 28 U.S.C. § 1915A for failure to state a cause of action and to exhaust administrative remedies. The Magistrate Judge further recommends that any appeal from such a dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff's original complaint in this matter (Docket Entry 1) lists Health Administrator Debra Kelly as a Defendant. In his statement of claims he alleges difficulties resulting after two of his teeth were removed on April 15, 2016. He did not name Defendant Kelly at any point in the description of the difficulties.

On March 13, 2017, the Defendant Kelly filed a motion to dismiss supported by a memorandum of law (Docket Entry 21). In the memorandum she points out the obvious deficiency in the complaint.

A scheduling order (Docket Entry 27) was entered on March 15, 2017, and the Plaintiff was advised of his right to seek to

amend his complaint to provide additional information about this Defendant. He was told that he needed to file a complaint which is complete as to all details so the Court has only to look at a single document. The Plaintiff was warned that if he did not in some fashion respond to the motion to dismiss that in all likelihood I would recommend the claim against Defendant Kelly be dismissed. He was specifically advised of the need to respond to any dispositive motions and that he could not simply rely on his complaint.

The Plaintiff filed a motion for a preliminary injunction (Docket Entry 14) on March 9, 2017. The Defendants responded to that motion (Docket Entry 37), and in that response they filed copies of the Plaintiff's medical records (Docket Entry 37). A hearing on the Plaintiff's motion for preliminary injunction was held on March 28, 2017, and the Magistrate Judge subsequently issued a report and recommendation (Docket Entry 44) recommending that the motion be denied.

The Plaintiff filed a motion to amend his complaint (Docket Entry 45), which unfortunately did not comply with the Court's directions to file a single document which was complete in all respects. The Plaintiff did attempt to provide more information about Defendant Kelly. The additional information which he added (Docket Entry 45, p. 2) states that he signed up for sick call in February 2017 and was seen by Defendant Kelly. He stated that she looked at the knot, swelling, and infection on Plaintiff's jaw, and although she had the authority to refer him to the facility doctor, she did not.

Plaintiff alleges that Defendant Kelly stated she would prescribe Ibuprofen for him and that there was nothing more she could do for his jaw injuries. He alleged that not referring him to a doctor and treating his jaw with Ibuprofen constituted deliberate indifference.

The Defendants filed a response in opposition to the motion to amend (Docket Entry 52). In their objection they note the Plaintiff's failure to comply with the Court's order to have a single complaint, but go on to argue that it should be denied on its merits on the grounds that the amendment would be futile.

A plaintiff has an absolute right to amend his complaint without Court permission within 21 days of the filing of a motion to dismiss under Rule 12(b). In this case the Plaintiff's motion to amend was allowed as a matter of course (Docket Entry 53). However, the amended complaint is still subject to an initial review under 28 U.S.C. § 1915A.

## LEGAL DISCUSSION

In this case the Magistrate Judge has the benefit of the amendment as well as the medical records, which have been filed. The Magistrate Judge believes that the claim against the Defendant Kelly should be dismissed with prejudice for failing to state a claim. As an initial matter, complaints of malpractice or allegations of negligence are insufficient to entitle the Plaintiff to relief under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. Where

a prisoner receives some medical attention and disputes the adequacy of the treatment civil courts are reluctant to second guess the medical judgment of prison officials and malpractice claims are matters for state courts. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). In this case Defendant Kelly provided the Plaintiff Ibuprofen for his pain.

The Magistrate Judge also now has the benefit of the actual medical records in this case (Docket Entry 37-2). The records show the Plaintiff has had dental problems since the extraction of two teeth in April 2016. He has regularly been prescribed Ibuprofen for pain since that time. From a review of the medical records the Magistrate Judge did not find Defendant Kelly even listed, although some of the listings are illegible.

However, taking the Plaintiff's complaint's amendment at fact value, he is alleging action by Defendant Kelly in February 2017. The Plaintiff filed his complaint on January 11, 2017. It would have therefore been impossible for Plaintiff to have exhausted his administrative grievances at the time he filed the complaint against Defendant Kelly. Exhaustion is required under Prison Litigation Reform Act, 420 U.S.C. 1997e(a). Therefore, it is clear from the record that the complaint against Defendant Kelly must be dismissed for failure to exhaust administrative remedies. One cannot exhaust administrative remedies about an incident that occurred in February of 2017 when the complaint is filed a month earlier.

To the extent the Magistrate Judge has considered matters outside the complaint the Plaintiff has an opportunity to object to

4

this recommendation to dismiss this Defendant. *See Rico v. Wells Fargo*, 2007 WL 4126525 (E.D. Mich. 2007).

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends the amended complaint as to Defendant Kelly be dismissed with prejudice for failure to exhaust administrative remedies, or alternatively, under 28 U.S.C. 1915A, for failure to state a claim. The claims as to the other Defendants remain.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 12th day of April, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge