# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **JAMES TATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:17-cv-00002** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **DR. JONES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 44) recommending that the Court deny Plaintiff's Motion for a Preliminary Injunction (Doc. No. 14). Plaintiff filed a timely objection (Doc. No. 58) to the Magistrate Judge's Recommendation. The Court has reviewed the Report and Recommendation, Plaintiff's objection, and conducted a de novo review of the record. For the following reasons, Plaintiff's objection is **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

Plaintiff requests that the Court order immediate treatment for pain and swelling in his jaw. (Doc. Nos. 3 and 14.) In deciding whether to issue a preliminary injunction, the District Court should consider the following factors: 1) whether the movant has a "strong" likelihood of success on the merits; 2) whether movant would otherwise suffer irreparable injury; 3) whether preliminary injunction would cause substantial harm to others; and 4) whether the public interest would be served. Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). The Eighth Amendment prohibits prison officials from engaging in "deliberate indifference to a prisoner's safety." Farmer v. Brennan, 511 U.S. 825, 829 (1994). "Deliberate indifference" is the knowing disregard for a substantial risk of serious harm to an inmate. Id. at 843-44.

Plaintiff argues that he has satisfied the first factor for an injunction because the Defendants exhibited deliberate indifference by failing to adequately treat an abscess in his jaw. (Doc. No. 58.) The Court agrees with the Magistrate Judge, that Plaintiff has not demonstrated deliberate indifference. Plaintiff has received consistent treatment from prison and outside physicians, including the prescription of antibiotics and ibuprofen. (Doc. No. 60 at 15-16.) The Court also concurs with the Magistrate Judge that the medical records and March 2017 hearing reflect that Plaintiff does not risk suffering irreparable harm. (Doc. No. 44.)

The Magistrate Judge properly considered the factual record and applied the preliminary injunction standard. See Leary, 228 F.3d at 736. Accordingly, Plaintiff's Motion to Compel (Doc. No. 64) that the Court construes as a motion to ascertain status is **DENIED AS MOOT** and Plaintiff's Motions for a Preliminary Injunction (Doc. Nos. 3 and 14) are **DENIED,** for the reasons in the Magistrate Judge's Report and Recommendation that is adopted by this Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE