# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **JAMES TATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:17-cv-00002** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **DR. JONES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

Before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 56), recommending the Court sua sponte dismiss the Complaint against Debra Kelly. Plaintiff objected to the R&R. (Doc. No 61.) The Court conducted a de novo review of the record, and for the following reasons, the R&R is **ADOPTED**.[1]

The Magistrate Judge recommended dismissing the Complaint for failure to state a claim. (Doc. No. 56 at 4.) The Magistrate Judge relied on evidence outside the pleadings, converting his recommendation into one sua sponte granting summary judgment under Federal Rule of Civil Procedure 56(f). The Magistrate Judge noted that Plaintiff has an adequate opportunity to respond because of the fourteen-day objection period for R&Rs. (Doc. No. 56 at 4-5.)

Plaintiff objects to the Magistrate Judge's R&R because Kelly was required under department policies to refer him to a doctor, and she did not. (Doc. No. 61 at 3.) Instead, she

---

[1] The Magistrate Judge also recommends that the Court dismiss the case because Plaintiff failed to exhaust his administrative remedies. (Doc. No. 56 at 4.) Under the Prisoner Litigation Reform Act, a plaintiff must exhaust his or her administrative remedies prior to filing in federal court. 42 U.S.C. § 1997e(a). Failure to exhaust "is an affirmative defense," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 921 (2007). Here, it is inappropriate to dismiss the Complaint for failure to exhaust prior to Debra Miller pleading the affirmative defense. As such, the Court declines to adopt this portion of the R&R.

prescribed Ibuprofen for a knot in his jaw, swelling, and an infection. (Id.; Doc. No. 45 at 2.) However, the records confirm that Plaintiff had seen a doctor multiple times for pain and swelling since he had two teeth extracted in April 2016, and the doctor consistently prescribed Ibuprofen. (Doc. No. 56 at 4.) Plaintiff has not rebutted the Magistrate Judge's conclusion that at most he alleges negligence, which does not rise to the level of an Eighth Amendment constitutional violation. (Doc. No. 56 at 4 (citing Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). The Court agrees Kelly is entitled to summary judgment.

Accordingly, the R&R (Doc. No. 56) is **ADOPTED**. The Complaint against Debra Kelly is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE